[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 6, 2002
THOMAS K. KAHN
CLERK

No. 00-15579

D. C. Docket No. 99-01183-CV-J-21CA

THOMAS EUGENE HENSLEY,

Petitioner-Appellant,

versus

MICHAEL W. MOORE,
ROBERT A. BUTTERWORTH,

Respondents-Appellees.

Appeal from the United States District Court
for the Middle District of Florida

**(February 6, 2002)**

Before TJOFLAT, RONEY and COX, Circuit Judges,

PER CURIAM:

The question presented by the certificate of appealability in this case, which

was brought under 28 U.S.C. § 2254 to challenge the constitutional validity of a

1974 rape conviction, is essentially: whether the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 was tolled by petitioner's previously filed federal petition seeking the same § 2254 relief. The Supreme Court has answered this question in the negative. See Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001).[1]

AFFIRMED.

---

[1] In his brief on appeal (filed by his court appointed lawyer), petitioner asks us to hold the present habeas petition timely by invoking the principle of "equitable tolling." To do this we would have to amend the certificate of appealability. We do have the authority to amend the certificate, but we decline to exercise it because petitioner did not present his equitable tolling argument to the district court.